Sheldon Eisenberger (SE 2021)
THE LAW OFFICE OF SHELDON EISENBERGER
30 Broad Street, 27th Floor
New York, NY 10004
(212) 422-3843

Attorneys for Defendant Scott F. McNulty

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUJI PHOTO FILM U.S.A., INC., Plaintiff, -against- SCOTT F. MCNULTY, LORI S. MCNULTY, a/k/a LORI STRAUB, MICHAEL C. CONNELL, FRANK FRANZE, DWAIN K. TAYLOR, ADK AMERICA, INC., AWOL, ESSENTIAL COMMUNICATIONS & INK LLC, REVOLUTIONARY GRAPHICS, INC., AND THE WINDWOOD GROUP LLC, Defendants. | Case No. 05 Civ. 7869 (SAS) (KNF)<br><br>**ANSWER WITH COUNTERCLAIM AND CROSS-CLAIM OF DEFENDANT <u>SCOTT F. MCNULTY</u>**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Defendant Scott F. McNulty ("McNulty"), by his attorneys The Law Office of Sheldon Eisenberger, for his answer to the amended complaint ("complaint"), alleges as follows:

## THE PARTIES

1. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint, except admits that plaintiff engages in, among other things, the distribution of film, cameras, audio and video media and computer products.

2. Denies the allegations contained in paragraph 2 of the complaint except admits that McNulty is a resident of the State of Connecticut, that on or about September 14, 1992

McNulty became an employee of Fuji, that while at Fuji he worked in the Computer Products Division ("CPD") and held the positions of Product Manager, Group Product Manager, Marketing Manager, Director of Marketing and Director of Branding, that the CPD merged with the Magnetic Markets Division ("MMD") to form the Recording Media Division ("RMD"), and that McNulty resigned from Fuji; and states that he is without knowledge or information sufficient to form a belief as to the truth of the dates contained in paragraph 2 of the complaint.

3. Admits the allegations contained in paragraph 3 of the complaint.

4. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, except admits that Taylor interacted with McNulty on a regular basis.

7. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11of the complaint.

JURISDICTION AND VENUE

12. With respect to the allegations contained in paragraph 12 of the complaint, admits that the plaintiff purports to bring this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964, but denies that the claims have any merit.

13. With respect to the allegations contained in paragraph 13 of the complaint, admits that plaintiff purports to place venue in this district for the reasons stated in paragraph 13 of the complaint, but denies that those reasons are true.

NATURE OF THE CASE

14. Denies the allegations contained in paragraph 14 of the complaint, except admits that ADK, AWOL , ECI, Revolutionary Graphics and Windwood were vendors of Fuji.

15. Denies the allegations contained in paragraph 15 of the complaint.

16. Denies the allegations contained in paragraph 16 of the complaint.

17. Denies the allegations contained in paragraph 17 of the complaint.

18. Denies the allegations contained in paragraph 18 of the complaint.

19. Denies the allegations contained in paragraph 19 of the complaint.

BACKGROUND FACTS

20. Denies the allegations contained in paragraph 20 of the complaint, except admits that McNulty joined Fuji on or about September 14, 1992, that McNulty worked in Fuji's CPD and that ADK, AWOL, ECI, Windwood and Revolutionary Graphics provided services to Fuji.

21. Denies the allegations contained in paragraph 21 of the complaint.

22. With respect to the allegations contained in paragraph 22 of the complaint, refers to the document described therein for its precise terms.

23. Denies the allegations contained in paragraph 23 of the complaint.

24. Denies the allegations contained in paragraph 24 of the complaint.

25. Admits the allegations contained in paragraph 25 of the complaint.

26. Denies the allegations contained in paragraph 26 of the complaint, except admits that AWOL submitted invoices for services to Fuji and states that he is without knowledge or information sufficient to form a belief as to the truth of the dates contained in paragraph 26 of the complaint.

27. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

28. Denies the allegations contained in paragraph 28 of the complaint.

29. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30. Denies the allegations contained in paragraph 30 of the complaint, except admits that L. McNulty, a/k/a Straub, is McNulty's wife and that L. McNulty is the owner of Revolutionary Graphics and states that he is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 30 of the complaint that L. McNulty is the president and Franze is the vice president of Revolutionary Graphics.

31. Denies the allegations contained in paragraph 31 of the complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 31 of the complaint that ADK added its own standard 17 percent commission on the amounts billed and that Taylor directed, monitored and supervised:

(i) the creation of these invoices, (ii) the inclusion of the 17% commission, and (iii) the submission of these invoices to Fuji for payment.

32. Denies the allegations contained in paragraph 32 of the complaint, except admits that Revolutionary Graphics submitted invoices to ADK at McNultys' direction and states that he is without knowledge or information sufficient to form a belief as to the truth of the dates contained in paragraph 32 of the complaint or as to the allegation that ADK made payment to Revolutionary Graphics pursuant to these invoices.

33. Denies the allegations contained in paragraph 33 of the complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 33 of the complaint that ADK billed Fuji for amounts paid to Revolutionary Graphics or as to the allegation that Fuji mailed checks to ADK in payment of its invoices.

34. Denies the allegations contained in paragraph 34 of the complaint.

35. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the complaint.

36. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint.

37. Denies the allegations contained in paragraph 37 of the complaint.

38. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the complaint, except admits that Connell is a long time acquaintance of McNulty.

39. Denies the allegations contained in paragraph 39 of the complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the

allegation contained in paragraph 39 of the complaint that ADK remitted payment to ECI pursuant to these invoices, that Taylor caused these payments to be made by signing checks and wire transfer applications, that Taylor knew or should have known that ECI had not performed the work described in these invoices, and for which ADK and Taylor submitted payment to ECI.

40. Denies the allegations contained in paragraph 40 of the complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the complaint that ADK added its own standard 17 percent commission to the work billed in these invoices and that Fuji mailed checks to ADK in payment of its invoices.

(a) Denies the allegations contained in paragraph 40(a) of the complaint.

(b) States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40(b) of the complaint.

41. Denies the allegations contained in paragraph 41 of the complaint.

42. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint.

43. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint.

44. Denies the allegations contained in paragraph 44 of the complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint with respect to Exhibit F.

45. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint, except admits that McNulty requested that ADK purchase tickets to various events.

(a) Denies the allegations contained in paragraph 45(a) of the complaint.

(b) States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45(b) of the complaint.

(c) States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45(c) of the complaint.

46. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

(a) States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46(a) of the complaint.

47. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint, except denies that any portion of such alleged invoices was for McNulty's entertainment expenses.

48. Denies the allegations contained in paragraph 48 of the complaint.

49. Denies the allegations contained in paragraph 49 of the complaint, except admits that ECI was hired by Fuji to perform a variety of services, including preparing advertising and promotional materials, performing website maintenance and performing electronic conversions of printed material for Fuji; and states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the complaint that Fuji did not enter into any written agreement with ECI pursuant to which such services were to be performed.

50. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint, except denies that ECI

paid some portion of the funds received from Fuji to McNulty without Fuji's knowledge and for the purpose of influencing McNulty's conduct in relation to Fuji's affairs.

51. Denies the allegations contained in paragraph 51 of the complaint.

52. Denies the allegations contained in paragraph 52 of the complaint.

53. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the complaint, except admits that ECI did not have any prior experience in rebate fulfillment.

54. Denies the allegations contained in paragraph 54 of the complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the complaint that Fuji's customers were paid by ECI for their rebates and that ECI's charges for rebate processing averaged approximatley $1.46 per rebate.

55. Denies the allegations contained in paragraph 55 of the complaint.

56. Denies the allegations contained in paragraph 56 of the complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint concerning Fuji's payment to ECI.

57. Denies the allegations contained in paragraph 57 of the complaint.

58. Denies the allegations contained in paragraph 58 of the complaint.

59. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the complaint, except denies that Franze is McNulty's friend and neighbor.

60. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the complaint.

61. Denies the allegations contained in paragraph 61 of the complaint.

62. Denies the allegations contained in paragraph 62 of the complaint, except admits that Fuji's customers were apparently paid by Windwood for their rebates and states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the complaint that Windwood's charges for rebate processing averaged approximately $7.50 per rebate.

63. Denies the allegations contained in paragraph 63 of the complaint.

64. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the complaint except denies that Franze and Windwood paid some portion of the funds received from Fuji to McNulty without Fuji's knowledge and for the purpose of influencing McNulty's conduct in relation to Fuji's affairs.

65. For his response to paragraph 65 of the complaint, repeats and realleges each of his responses to paragraphs 1-64 of the complaint as if fully set forth herein.

66. Denies the allegations contained in paragraph 66 of the complaint.

67. Denies the allegations contained in paragraph 67 of the complaint.

68. Denies the allegations contained in paragraph 68 of the complaint.

69. Denies the allegations contained in paragraph 69 of the complaint.

70. States that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the complaint, except admits that CPD and MMD were merged to form the RMD and that McNutly resigned from Fuji; and denies that Fuji has exhibited due diligence in pursuing discovery of its claims alleged herein and that McNulty either refused to respond to or gave false and/or misleading responses to Fuji's inquiries.

FIRST CLAIM AGAINST ALL DEFENDANTS
MCNULTY, L. MCNULTY, A/K/A STRAUB, CONNELL, FRANZE,
TAYLOR, ADK, AWOL, ECI AND REVOLUTIONARY GRAPHICS

71. For his response to the first sentence of paragraph 71 of the complaint, repeats and realleges each of his responses to paragraphs 1-70 of the complaint as if fully set forth herein. For his response to the second sentence of said paragraph, states that no response is required because the allegations consist of legal conclusions; to the extent a response is required, defendant denies the allegations.

72. With respect to the allegations contained in paragraph 72 of the complaint, states that no response is required because the allegations consist of legal conclusions; if a response is required, denies each and every allegation contained in paragraph 72 of the complaint.

73. With respect to the allegations contained in paragraph 73 of the complaint, states that no response is required because the allegations consist of legal conclusions; if a response is required, denies each and every allegation contained in paragraph 73 of the complaint.

74. With respect to the allegations contained in paragraph 74 of the complaint, no response is required because the allegations consist of legal conclusions; if a response is required, denies each and every allegation contained in paragraph 74 of the complaint.

75. With respect to the allegations contained in paragraph 75 of the complaint, no response is required because the allegations consist of legal conclusions; if a response is required, denies each and every allegation contained in paragraph 75 of the complaint, and specifically denies the first sentence contained in paragraph 75 of the complaint.

76. Denies each of the allegations contained in paragraph 76 of the complaint.

77. Denies each of the allegations contained in paragraph 77 of the complaint.

78. Denies each of the allegations contained in paragraph 78 of the complaint.

79. Denies each of the allegations contained in paragraph 79 of the complaint.

80. Denies each of the allegations contained in paragraph 80 of the complaint.

81. Denies each of the allegations contained in paragraph 81 of the complaint.

82. Denies each of the allegations contained in paragraph 82 of the complaint.

SECOND CLAIM AGAINST ALL DEFENDANTS

83. With respect to the first sentence of paragraph 83 of the complaint, repeats and realleges each of his responses to paragraphs 1-82 of the complaint as if fully set forth herein. With respect to the second sentence of paragraph 83 of the complaint, admits that plaintiff bring the claim against all defendants purportedly because each is alleged to be a "person" as defined in 18 U.S.C. Section 1961(3), but denies that 18 U.S.C. Section 1861 applies to defendant.

84. Denies each and every allegation contained in paragraph 84 of the complaint.

85. Denies each and every allegation contained in paragraph 85 of the complaint.

86. Denies the allegations contained in paragraph 86 of the complaint.

87. Denies each and every allegation contained in paragraph 87 of the complaint.

88. Denies the allegations contained in paragraph 88 of the complaint.

89. Denies the allegations contained in paragraph 89 of the complaint.

THIRD CLAIM AGAINST MCNULTY, L. MCNULTY AND AWOL

90. With respect to the first sentence of paragraph 90 of the complaint, repeats and realleges each of his responses to paragraphs 1-89 of the complaint as if fully set forth herein. With respect to the second sentence of paragraph 90 of the complaint, admits that plaintiff purports to bring this claim against defendants McNulty, L. McNulty and AWOL, but denies any such claim has merit.

91. Denies the allegations contained in paragraph 91 of the complaint.

92. Denies the allegations contained in paragraph 92 of the complaint.

93. Denies the allegations contained in paragraph 93 of the complaint.

94. Denies the allegations contained in paragraph 94 of the complaint.

95. Denies the allegations contained in paragraph 95 of the complaint.

96. Denies the allegations contained in paragraph 96 of the complaint.

FOURTH CLAIM AGAINST MCNULTY, L. MCNULTY, A/K/A STRAUB, CONNELL, FRANZE, TAYLOR, ADK, ECI AND REVOLUTIONARY GRAPHICS

97. With respect to the first sentence of paragraph 97 of the complaint, repeats and realleges each of his responses to paragraphs 1-96 of the complaint as if fully set forth herein. With respect to the second sentence of paragraph 97 of the complaint, admits that plaintiff purports to bring this claim against defendants McNulty, L. McNulty, a/k/a Straub, Connell, Franze, Taylor, ADK, ECI and Revolutionary Graphics, but denies any such claim has merit.

98. Denies the allegations contained in paragraph 98 of the complaint.

99. Denies the allegations contained in paragraph 99 of the complaint.

100. Denies the allegations contained in paragraph 100 of the complaint.

101. Denies the allegations contained in paragraph 101 of the complaint.

102. Denies the allegations contained in paragraph 102 of the complaint.

103. Denies the allegations contained in paragraph 103 of the complaint.

FIFTH CLAIM AGAINST MCNULTY, TAYLOR AND ADK

104. With respect to the first sentence of paragraph 104 of the complaint, repeats and realleges each of his responses to paragraphs 1-103 of the complaint as if fully set forth herein. With respect to the second sentence of paragraph 104 of the complaint, admits that plaintiff purports to bring this claim against defendants McNulty, Taylor and ADK, but denies any such claim has merit.

105. Denies the allegations contained in paragraph 105 of the complaint.

106. Denies the allegations contained in paragraph 106 of the complaint.

107. Denies the allegations contained in paragraph 107 of the complaint.

108. Denies the allegations contained in paragraph 108 of the complaint.

109. Denies the allegations contained in paragraph 109 of the complaint.

110. Denies the allegations contained in paragraph 110 of the complaint.

SIXTH CLAIM AGAINST MCNULTY, CONNELL AND ECI

111. With respect to the first sentence of paragraph 111 of the complaint, repeats and realleges each of his responses to paragraphs 1-110 of the complaint as if fully set forth herein. With respect to the second sentence of paragraph 111 of the complaint, admits that plaintiff purports to bring this claim against defendants McNulty, Connell and ECI, but denies any such claim has merit.

112. Denies the allegations contained in paragraph 112 of the complaint.

113. Denies the allegations contained in paragraph 113 of the complaint.

114. Denies the allegations contained in paragraph 114 of the complaint.

115. Denies the allegations contained in paragraph 115 of the complaint.

116. Denies the allegations contained in paragraph 116 of the complaint.

117. Denies the allegations contained in paragraph 117 of the complaint.

SEVENTH CLAIM AGAINST MCNULTY, CONNELL AND ECI

118. With respect to the first sentence of paragraph 118 of the complaint, repeats and realleges each of his responses to paragraphs 1-117 of the complaint as if fully set forth herein. With respect to the second sentence of paragraph 117 of the complaint, admits that the plaintiff

purports to bring this claim against defendants McNulty, Connell and ECI, but denies any such claim has merit.

119. Denies the allegations contained in paragraph 119 of the complaint.

120. Denies the allegations contained in paragraph 120 of the complaint.

121. Denies the allegations contained in paragraph 121 of the complaint.

122. Denies the allegations contained in paragraph 122 of the complaint.

123. Denies the allegations contained in paragraph 123 of the complaint.

124. Denies the allegations contained in paragraph 124 of the complaint.

125. Denies the allegations contained in paragraph 125 of the complaint.

EIGHTH CLAIM AGAINST MCNULTY, FRANZE AND WINDWOOD

126. With respect to the first sentence of paragraph 126 of the complaint, repeats and realleges each of his responses to paragraphs 1-125 of the complaint as if fully set forth herein. With respect to the second sentence of paragraph 126 of the complaint, admits that the plaintiff purports to bring this claim against defendants McNulty, Franze and Windwood, but denies any such claim has merit.

127. Denies the allegations contained in paragraph 127 of the complaint.

128. Denies the allegations contained in paragraph 128 of the complaint.

129. Denies the allegations contained in paragraph 129 of the complaint.

130. Denies the allegations contained in paragraph 130 of the complaint.

131. Denies the allegations contained in paragraph 131 of the complaint.

132. Denies the allegations contained in paragraph 132 of the complaint.

133. Denies the allegations contained in paragraph 133 of the complaint.

NINTH CLAIM AGAINST ALL DEFENDANTS

134. With respect to the first sentence of paragraph 134 of the complaint, repeats and realleges each of his responses to paragraphs 1-133 of the complaint as if fully set forth herein. With respect to the second sentence of paragraph 134 of the complaint, admits that the plaintiff purports to bring this claim against all defendants, but denies any such claim has merit.

135. Denies the allegations contained in paragraph 135 of the complaint.

136. Denies the allegations contained in paragraph 136 of the complaint.

137. Denies the allegations contained in paragraph 137 of the complaint.

TENTH CLAIM AGAINST MCNULTY

138. With respect to the first sentence of paragraph 138 of the complaint, repeats and realleges each of his responses to paragraphs 1-137 of the complaint as if fully set forth herein. With respect to the second sentence of paragraph 138 of the complaint, admits that the plaintiff purports to bring this claim against defendant McNulty, but denies any such claim has merit.

139. Denies the allegations contained in paragraph 139 of the complaint.

140. Denies the allegations contained in paragraph 140 of the complaint.

141. Denies the allegations contained in paragraph 141 of the complaint.

ELEVENTH CLAIM AGAINST L. MCNULTY, A/K/A STRAUB, CONNELL, FRANZE, TAYLOR, ADK, AWOL, ECI AND REVOLUTIONARY GRAPHICS AND WINDWOOD

142. With respect to the first sentence of paragraph 142 of the complaint, repeats and realleges each of his responses to paragraphs 1-141 of the complaint as if fully set forth herein. With respect to the second sentence of paragraph 142 of the complaint, admits that the plaintiff purports to bring this claim against defendants L. McNulty, a/k/a Straub, Connell, Franze, Taylor, ADK, AWOL, ECI and Revolutionary Graphics and Windwood.

143. Denies the allegations contained in paragraph 143 of the complaint.

144. Denies the allegations contained in paragraph 144 of the complaint.

145. Denies the allegations contained in paragraph 145 of the complaint.

AS FOR A FIRST AFFIRMATIVE DEFENSE

146. The complaint fails to state a claim upon which relief can be granted.

AS FOR A SECOND AFFIRMATIVE DEFENSE

147. The action is barred in whole or in part by the applicable statute of limitations.

AS FOR A THIRD AFFIRMATIVE DEFENSE

148. To the extent plaintiff sustained any injury, it is a result of its own culpable conduct.

AS FOR A FOURTH AFFIRMATIVE DEFENSE

149. To the extent plaintiff sustained any damages, it is as a result of the conduct of others over whom defendant McNulty had no control.

AS FOR A FIFTH AFFIRMATIVE DEFENSE

150. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

AS FOR A SIXTH AFFIRMATIVE DEFENSE

151. Plaintiff's claims are barred in whole or in part because plaintiff ratified and/or acquiesced in the conduct it complains of.

AS FOR A SEVENTH AFFIRMATIVE DEFENSE

152. Plaintiff is barred from maintaining this action in whole or in part based on the doctrine of waiver.

AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

153. Plaintiff had knowledge of the conduct complained of in the complaint and accepted such conduct in the ordinary course of its business.

AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF

154. On or about September 9, 2005, plaintiff published a memorandum containing false statements regarding defendant McNulty (the "Memorandum"). The Memorandum stated, among other things, that McNulty orchestrated a "series of fraudulent schemes ... with the specific intent to defraud [Fuji], involving certain outside vendors hired by Scott McNulty to process rebates and perform certain advertising, marketing, promotional and website design maintenance services", that "[t]hese schemes were extremely well hidden and difficult to uncover" and that Fuji must protect itself "against behavior of this sort in the future."

155. Fuji disseminated the Memorandum to third parties including to parents of children participating in McNulty's son's hockey league with the intent to injure McNulty.

156. All of the statements contained in the Memorandum alleging wrongdoing on McNulty's part were defamatory. The statements injured, and continue to injure, McNulty in his occupation, business and profession and irreparably damaged, and continue to damage, his reputation in his industry by falsely implying that McNulty committed a crime or significant wrongdoing.

157. The false and defamatory statements constitute defamation per se.

158. In making the defamatory statements, plaintiff acted maliciously with the intent to injure McNulty, although plaintiff knew full well that such accusations were false. Plaintiff made the statements deliberately, knowing that its falsehoods about McNulty would thereby become disseminated to the public at large.

159. As a direct result of plaintiff's defamatory statements, McNulty has been exposed and subjected to ridicule and contempt.

160. As a direct and proximate cause of plaintiff's misconduct, as aforesaid, McNulty has sustained damages in an amount to be proven at trial but not less than $1 million.

161. Plaintiff's conduct was malicious, oppressive, fraudulent and shocking to the conscience. Therefore, plaintiff should be liable to pay McNulty punitive damages in an amount to be determined at trial but not less than $ 5 million, so as to deter plaintiff and any others similarly inclined from repeating this conduct in the future.

AS AND FOR SCOTT F. MCNULTY'S FIRST CROSS-CLAIM AGAINST
CO-DEFENDANTS CONNELL, FRANZE, TAYLOR, ADK, ECI AND WINDWOOD

162. In the event that it is determined that McNulty is liable to plaintiff, such was caused in whole or in part by the conduct of co-defendants Connell, Franze, Taylor, ADK, ECI and Windwood ("Co-Defendants") and other people and/or entities acting in concert with Co-Defendants. Accordingly, McNulty is entitled to contribution and/or indemnification from Co-Defendants.

WHEREFORE, McNulty demands judgment as follows:

A. dismissing each cause of action of plaintiff's complaint;

B. on his first counterclaim against plaintiff, awarding defendant McNulty damages in an amount to be determined at trial but not less than $ 1 million, plus punitive damages in an amount not less than $ 5 million;

C. on his first cross-claim against co-defendants Connell, Franze, Taylor, ADK, ECI and Windwood, declaring that co-defendants Connell, Franze, Taylor ADK, ECI, and Windwood are required to indemnify or contribute to any judgment rendered against defendant McNulty in favor of plaintiff;

D. awarding defendant McNulty reimbursement of his attorneys fees, costs and disbursements of this action; and

E. granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 31, 2009

THE LAW OFFICE OF SHELDON EISENBERGER
*Attorneys for Defendant Scott F. McNulty*

By: Sheldon Eisenberger
Sheldon Eisenberger (SE 2021)
30 Broad Street, 27th Floor
New York, New York 10004
(212) 422-3843