# SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Mutual Releases (the "Agreement") is made and entered into as of this 3rd day of March, 2010, by and among FUJIFILM North America Corporation, formerly known as Fuji Photo Film U.S.A. Inc., a corporation organized under the laws of New York with its principal place of business located at 200 Summit Lake Drive, Valhalla, New York ("Fuji"), and Scott F. McNulty ("S. McNulty"), a resident of the state of Connecticut, Lori S. McNulty, a/k/a Lori Straub ("L. McNulty"), a resident of the state of Connecticut, Revolutionary Graphics, Inc. ("RG"), a corporation organized under the laws of Delaware, and AWOL, a business entity organized under the laws of Connecticut (collectively, referred to in this Agreement as the "McNulty Defendants") with respect to the following facts which shall conclusively be deemed to be true and correct among the parties to this Agreement:

## RECITALS

A. On or about September 9, 2005, Fuji filed a Complaint against the McNulty Defendants and ADK America, Inc. ("ADK"), Essential Communications & Ink LLC ("ECI"), Michael Connell ("Connell"),[1] Frank Franze ("Franze") and the Windwood Group ("Windwood") (ADK, ECI, Connell, Franze and Windwood are collectively referred to in this Agreement as the "Non-Settling Defendants") alleging mail and wire fraud and commercial bribery in violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), common law fraud, conspiracy to defraud, breach of fiduciary duty and aiding and abetting breach of fiduciary duty (the "Complaint").

B. The McNulty Defendants moved to dismiss the Complaint. The Court denied the McNulty Defendants' motion to dismiss on or about July 17, 2009.

[1] Essential Communications & Ink LLC and Michael Connell filed for bankruptcy during the course of the litigation and are no longer parties to the Action.

C. On or about August 6, 2009, Fuji filed an Amended Complaint against the McNulty Defendants and the Non-Settling Defendants for, inter alia, (1) violations of RICO §§ 1962(c) and (d) (Counts I and II); (2) fraud (Count III-VIII); (3) conspiracy to defraud (Count IX); (4) breach of fiduciary duty (Count X); and (6) aiding and abetting breach of fiduciary duty (Count XI) (the "Action").

D. On or about August 31, 2009, S. McNulty filed a counterclaim against Fuji for defamation per se.

E. On or about September 21, 2009, Fuji moved to dismiss S. McNulty's counterclaim.

F. On or about October 14, 2009, the Court granted Fuji's motion to dismiss S. McNulty's counterclaim without prejudice.

G. Fuji and the McNulty Defendants have agreed to enter into the settlement reflected in this Agreement, which they consider to be in their best interests and to their mutual benefit, and to dismiss, settle, adjust and compromise all claims Fuji asserts against the McNulty Defendants as set forth below.

H. This Agreement does not settle or release any of the claims that Fuji has asserted against the Non-Settling Defendants nor any cross-claims asserted by the Non-Settling Defendants against the McNulty Defendants.

NOW, THEREFORE, in consideration of the above Recitals and the agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Fuji and the McNulty Defendants agree as follows:

1. Recitals. The Recitals are incorporated herein by reference as are all exhibits and schedules hereto. Fuji and the McNulty Defendants agree that the information recited above is

true and correct.

2. Terms.

a. The McNulty Defendants shall pay to Fuji the total sum of $873,445.73 (the "Settlement Amount"). The Settlement Amount shall be paid as follows:

(i) On or before March 5, 2010, $473,445.73 shall be paid to Fuji by certified check made payable to "FUJIFILM North America Corporation" or by wire transfer according to the instructions provided by Fuji.

(ii) Upon execution of this Agreement, $400,000.00 shall be paid to Fuji by certified check made payable to "FUJIFILM North America Corporation" or by wire transfer according to the instructions provided by Fuji.

b. The McNulty Defendants hereby irrevocably transfer, assign, grant and convey unto Fuji all of their respective right, title and interest in, to and under:

(i) any claims they may have against Bayou Group, LLC, Bayou Management, LLC, Bayou Superfund, LLC, Bayou No Leverage Fund, LLC, Bayou Affiliates Fund, LLC, Bayou Accredited Fund, LLC, Bayou Fund, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, and/or any of the present or former officers, directors, employees, affiliates or subsidiaries of any of the foregoing (collectively, the "Bayou Entities") including, without limitation, the right to receive any additional principal, interest and other amounts in respect of such claims not received to date (in each case whether accruing prior to, on or after the date of this Agreement), and all of their right, title and interest in, to and under all rights to receive any cash, interest, fees, expenses, damages, penalties and/or other amounts, including, without limitation, any securities, and or other property to be distributed to or to be obtained by the McNulty Defendants in respect of such claims under or pursuant to any plan of reorganization or

liquidation confirmed with respect to any of the Bayou Entities, including, without limitation, the Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code dated as of November 3, 2009, any forfeiture or restitution orders, including, without limitation, the Second Amended Restitution Order dated September 24, 2009 entered in the matter of United States v. Samuel Israel III, 05 Cr. 1039 (CM) (S.D.N.Y.) (the "Israel Matter") and any similar orders entered against any persons affiliated with any of the Bayou Entities, or otherwise related to the Bayou Entities (collectively, the "Assigned Rights"); and

(ii) any and all proceeds of the Assigned Rights, including, without limitation, all cash, securities or other property distributed or payable on account of, or exchanged in return for, any of the Assigned Rights (collectively, "Distributions"); provided, however, that the McNulty Defendants shall be entitled to retain any Distributions actually received by them on account of the Assigned Rights prior to January 1, 2009, and provided also that the payment of $473,445.73 referenced above in subparagraph 2(a)(i) is a Distribution received after January 1, 2009.

c. The McNulty Defendants further agree that if they (or any of them) shall hereafter actually receive any Distributions or any notices or other documents on account or in respect of the Assigned Rights, the McNulty Defendants shall accept and hold the same on behalf of and in trust for Fuji, and shall deliver the same forthwith to Fuji in the same form received (free of any withholding, setoff or deduction of any kind), with the endorsement of the McNulty Defendants where necessary or appropriate, within three (3) business days. The McNulty Defendants acknowledge and agree that all such Distributions are the sole property of Fuji. If the McNulty Defendants fail to deliver any Distribution within the applicable time period specified above, then the McNulty Defendants shall also pay Fuji interest thereon at a rate

per annum equal to ten percent (10%) for the applicable period. The preceding sentence shall not in any way limit the rights of Fuji, including under this Agreement or under the law, in the event that the McNulty Defendants fail to deliver any Distribution.

d. The McNulty Defendants agree to execute and deliver an Evidence of Transfer of Claim in the form attached hereto as Exhibit A, hereby waive any notice requirements imposed by Fed. R. Bankr. P. 3001(e), and consent to the substitution of Fuji for the McNulty Defendants for all purposes, including, without limitation, for voting and distribution purposes with respect to the Assigned Rights. The McNulty Defendants further agree that Fuji may file this Agreement, the Evidence of Transfer of Claim, or any other appropriate notice with the Bankruptcy Court exercising jurisdiction over any of the Bayou Entities or with any other Court to the extent Fuji deems it necessary or appropriate to do so in its sole and absolute discretion.

e. The McNulty Defendants hereby irrevocably appoint Fuji as their true and lawful attorney-in-fact and authorize Fuji, as assignee of the Assigned Rights, to act in the McNulty Defendants' stead, to vote, demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Assigned Rights in Fuji's capacity as owner of the Assigned Rights. The McNulty Defendants grant unto Fuji full authority to do all things necessary to enforce the Assigned Rights. The McNulty Defendants further agree that the powers granted by this paragraph are discretionary in nature and that Fuji may exercise or decline to exercise such powers at its sole option. The McNulty Defendants agree to execute, acknowledge and deliver all such further certificates, instruments and other documents and to take all such further action, at its own expense, as may be necessary, appropriate or desirable to effect the assignment of the Assigned Rights and any payments or

distributions on account of the Assigned Rights to Fuji including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents and any other actions necessary to carry out the intent and purposes of this Agreement and to consummate the transaction contemplated hereby.

f. The McNulty Defendants agree to entry of Judgment against them in the amount of $4,200,000.00 substantially in the form attached hereto as Exhibit B, solely to secure the payments pursuant to the Assigned Rights. The McNulty Defendants expressly agree that they will not file for bankruptcy during the ninety (90) days following execution of this Agreement, and if an involuntary bankruptcy is filed against any one or more of them, they will waive any defense that any of them may have relating to the Judgment.

g. Subject to Fuji's timely receipt of the payments referenced in subsection 2(a) above, and the McNulty Defendants' continuing compliance with all of their obligations under this Agreement, Fuji agrees that it shall not seek to execute on the Judgment against any assets of the McNulty Defendants other than the Assigned Rights and Distributions with respect thereto. Fuji further agrees that, upon the final conclusion of the Israel Matter and the bankruptcy cases pending with respect to the Bayou Entities, and after all distributions in those matters have been made, Fuji shall, upon the request of the McNulty Defendants, provide an appropriate satisfaction piece with respect to the Judgment.

h. For the avoidance of doubt, and notwithstanding anything to the contrary in this Agreement, Fuji does not assume, and shall not be responsible for, any obligations or liabilities of the McNulty Defendants related to the Assigned Rights, the Bayou Entities, or otherwise, all of which shall remain the sole responsibility of the McNulty Defendants.

3. <u>Mutual Releases:</u>

Upon receipt by Fuji of the Settlement Amount and the Assigned Rights as provided for in Paragraph 2, and entry of the Judgment, and in consideration of the mutual promises herein:

(a) Fuji shall, and hereby does, release and forever discharge the McNulty Defendants and their officers,[2] directors, employees, agents, subsidiaries, parents, affiliates, attorneys, successors and assigns, from any and all claims, duties, causes of action, demands, obligations, liabilities, rights, damages (including punitive or exemplary damages) of any kind, whether known or unknown, asserted or unasserted, by Fuji arising from or in any way related to the Action; and

(b) The McNulty Defendants shall, and hereby do, release and forever discharge Fuji, and Fuji's officers, directors, employees, agents, subsidiaries, parents, affiliates, attorneys, successors and assigns, from any and all claims, duties, causes of action, demands, obligations, liabilities, rights, damages (including punitive or exemplary damages) of any kind, whether known or unknown, asserted or unasserted, whether at law or in equity, arising from or in any way related to the Action.

4. Representations and Warranties.

a. Each party to this Agreement hereby represents and warrants to the other parties to this Agreement, as follows:

(i) Each party has the power and authority to enter into this Agreement (and the Exhibits thereto) and execute and deliver and perform each of their obligations hereunder. This Agreement is a valid and binding obligation of each party enforceable against said party in accordance with its terms;

[2] This Agreement does not release any claims against the Non-Settling Defendants. To the extent that Franze is deemed to be an officer, employee, director, or agent of Revolutionary Graphics – an assertion contested by Revolutionary Graphics – he is not in any way released from the claims asserted in the Action against the Windwood Group.

(ii) Neither the execution and delivery of this Agreement by each party nor the consummation by each party of the transactions contemplated hereby conflicts with or constitutes a violation or a default under any statute, law, regulation, order or decree applicable to them, or any contract, commitment, agreement, arrangement or restriction of any kind to which they are a party, by which they are bound or to which any of their properties or assets is subject;

(iii) Each party has received independent legal advice from attorneys of their choice with respect to the advisability of making the agreements provided herein and, prior to the execution of this Agreement by said parties, their attorneys reviewed this Agreement at length with said parties and have made all desired changes;

(iv) Except as expressly stated in this Agreement, the parties have not made any statement or representation to any other party regarding any facts relied upon by each party in entering into this Agreement, and the parties specifically do not rely upon any statement, representation or promise of any other party or any other person or entity in entering into this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement;

(v) The parties and their respective attorneys have made such investigation of the facts pertaining to this Agreement and all of the matters pertaining thereto, as they deem necessary;

(vi) The terms of this Agreement are contractual, not mere recitals, and a result of negotiation among the parties; and

(vii) This Agreement has been carefully read by, the contents hereof are known by, and it has been signed freely and without duress by each person executing this

Agreement.

b. The McNulty Defendants certify and warrant that they have the right to transfer the Assigned Rights to Fuji and that none of the Assigned Rights have been assigned or transferred to any third party and there is no preexisting lien on any such Assigned Rights.

5. Miscellaneous.

a. All covenants, releases, warranties, representations and indemnities made herein shall survive the execution and delivery of this Agreement and shall be and remain in full force and effect thereafter.

b. This Agreement may be executed in as many counterparts as may be deemed necessary or convenient and by the different parties hereto on separate counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute but one and the same agreement. This Agreement shall become effective upon the receipt by each party of executed counterparts signed by the other parties hereto.

c. The parties hereto agree to execute and deliver such other documents and instruments, in addition to the matters herein specified, as may be appropriate or necessary, from time to time, to effectuate the agreements and understandings of the parties, whether the same occurs before or after the date of this Agreement.

d. This Agreement and the documents and instruments executed in connection herewith are the entire agreement between the parties hereto with respect to the subject matter of this Agreement and supersede all prior agreements, oral or written, between the parties hereto with respect to such matters. No claim of waiver, modification, consent or acquiescence with respect to any provision of this Agreement or the documents and instruments executed in connection with this Agreement shall be made against any party, except on the basis

of a written instrument executed by or on behalf of such party.

e. This Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of the parties hereto.

f. This Agreement may only be modified or amended by written agreement duly executed by the parties.

g. If any provision of this Agreement is found to be illegal, invalid or unenforceable under present or future laws effective during the term of this Agreement, such provision shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision never comprised a part of this Agreement; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by severance from this Agreement.

h. The headings of all sections of this Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit or aid in the construction or interpretation of any term or provision of this Agreement.

i. To the extent that performance is to be governed by time, time shall be deemed to be of the essence.

j. This Agreement is to be governed by, enforced and construed in accordance with the laws of the State of New York.

k. The parties hereto represent, warrant and covenant that they have obtained all necessary approvals, consents and authorizations required for them to execute and deliver this Agreement and the documents and instruments executed in connection with this Agreement. Each individual executing this Agreement and the documents and instruments executed in connection with this Agreement on behalf of a party has been duly authorized and empowered to

execute and deliver this Agreement and the documents and instruments executed in connection herewith on behalf of said party.

l. This Agreement is the product of negotiations of the parties, and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any party by reason of that party having drafted or caused to be drafted this Agreement, or any portion of this Agreement, shall not be effective in regard to the interpretation of this Agreement.

m. Any waiver by any party with respect to any of its rights or remedies or with respect to any covenants or conditions benefiting said party, or with respect to any breach or default by any party hereunder, shall not constitute a waiver with respect to any other or subsequent covenant, condition, warranty, representation or provision under this Agreement.

n. This Agreement and the releases contained herein are intended to be final and binding among the parties to this Agreement, and each party expressly relies on the finality of this Agreement as a substantial, material factor inducing the party's execution of this Agreement.

o. Except for any notices required under applicable law or this Agreement to be given in another matter:

(1) Any notice to Fuji shall be addressed as follows:

FUJIFILM North America Corporation
Attention: President & Chief Executive Officer
200 Summit Lake Drive
Valhalla, New York 10595

With copies to:

FUJIFILM Holdings America Corporation
200 Summit Lake Drive
Valhalla, New York 10595
Attention: General Counsel

K&L Gates LLP
599 Lexington Avenue
New York, New York 10022
Attn: David S. Versfelt, Esq.

(2) Any notice to the McNulty Defendants shall be addressed as follows:

Scott F. McNulty
Lori S. McNulty
22 Ensign Road
Norwalk, CT 06853

With a copy to:

Law Office of Sheldon Eisenberger
30 Broad Street
New York, NY 10004
Attn: Sheldon Eisenberger, Esq.

Law Offices of Gordon Mehler
747 Third Avenue
New York, NY 10017
Attn: Gordon Mehler, Esq.

All notices, requests, demands, directions, and other communications provided for in this Agreement must be in writing and must be mailed or personally delivered to the appropriate party at that party's respective address set forth above; provided, however, that notice shall be deemed sufficient if actually received by the party regardless of the mode of transmission or delivery. If any notice is given by mail it will be effective three (3) calendar days after being deposited in the mails first class, postage prepaid.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

FUJIFILM North America Corporation

By:______________________

Name: Ryutaro Hosoda

Title: President & CEO

Scott McNulty

By:______________________

Name: Scott McNulty

Lori S. McNulty

By:______________________

Name:____________________

Revolutionary Graphics, Inc.

By:______________________

Name:____________________

Title:____________________

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

FUJIFILM North America Corporation

By:____________________________

Name:________________________

Title:________________________

Scott McNulty

By:____________________________

Name:________________________

Lori S. McNulty

By: [signature]

Name: Lori McNulty

Revolutionary Graphics, Inc.

By: [signature]

Name: Lori McNulty

Title: President

AWOL

By: ______________________

Name: Lori McNulty

Title: ______________________

**EXHIBIT A**

**EVIDENCE OF TRANSFER OF CLAIM**

TO: Clerk, United States Bankruptcy Court, Southern District of New York

Revolutionary Graphics, Inc., a corporation organized under the laws of the State of Delaware, with offices located at 22 Ensign Road, P.O. Box 221, Rowayton, CT 06853 ("Transferor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of a Settlement Agreement and Mutual Releases dated as of the date hereof, does hereby certify that it has unconditionally and irrevocably assigned to FUJIFILM North America Corporation, its successors and assigns, with offices located at 200 Summit Lake Drive, Valhalla, New York ("Transferee"), all right, title and interest in and to the claims of Transferor against Bayou Group, LLC and its affiliates (collectively, the "Debtors") (the "Claim") in the United States Bankruptcy Court, Southern District of New York, Case No. 06-22306 (RDD) (Jointly Administered).

Transferor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and Transferee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Transferee.

IN WITNESS WHEREOF, dated as of the 3 day of 3, 2010.

REVOLUTIONARY GRAPHICS, INC.

By: ________________
Name:
Title:

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUJI PHOTO FILM U.S.A., INC., Plaintiff, -against- SCOTT F. McNULTY, LORI S. McNULTY, a/k/a LORI STRAUB, MICHAEL C. CONNELL, FRANK FRANZE, DWAIN K. TAYLOR, ADK AMERICA, INC., AWOL, ESSENTIAL COMMUNICATIONS & INK LLC, REVOLUTIONARY GRAPHICS, INC. and THE WINDWOOD GROUP LLC, Defendants. | 05 Civ. No. 7869 (SAS) (ECF Case) **CONSENT JUDGMENT** |

**CONSENT JUDGMENT**

Upon the consent of plaintiff, FUJIFILM North America Corporation, formerly known as Fuji Photo Film U.S.A., Inc. ("Fuji"), and defendants, Scott F. McNulty, Lori S. McNulty, a/k/a Lori Straub, Revolutionary Graphics, Inc., and AWOL (collectively, the "McNulty Defendants"), it is hereby

ORDERED that judgment be entered in favor of Fuji and against the McNulty Defendants, jointly and severally, in the amount of $4,200,000.00.

Date: New York, New York
March __, 2010

________________________________
United States District Judge